OPINION
{¶ 1} Appellant Lindsey Heintzelman ("Appellant") appeals her conviction, for aggravated trafficking, in the Stark County Juvenile Court, on the basis that it is against the sufficiency of the evidence. The following facts give rise to this appeal.
 {¶ 2} In June 2005, appellant was charged with three counts of aggravated trafficking in case number JU 136598 and one count of aggravated trafficking in case number JU 136932. The cases were consolidated for purposes of trial and this matter was heard by a magistrate. At the conclusion of the trial, upon motion of the appellant, the magistrate dismissed the three counts of aggravated trafficking, in the first case, finding insufficient evidence to warrant a delinquency finding. However, the magistrate found sufficient evidence for the single count in the second case.
 {¶ 3} The juvenile court found appellant delinquent beyond a reasonable doubt for committing the offense of aggravated trafficking. The magistrate ordered a stayed indefinite commitment to the Department of Youth Services for a minimum of six months, community control, substance abuse evaluation, and mandatory school attendance. Appellant filed an objection to the magistrate's decision and recommendation. The trial court overruled the objection and adopted the magistrate's ruling and disposition.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. THE TRIAL COURT ERRED IN CONVICTING THE JUVENILE DEFENDANT OF AGGRAVATED TRAFFICKING."
 I {¶ 6} In her sole assignment of error, appellant maintains the finding of delinquency, for the underlying offense of aggravated trafficking, is against the sufficiency of the evidence. We disagree.
 {¶ 7} In support of this assignment of error, appellant contends there was no evidence to connect the blue Adderall tablet recovered from Corey Mayle to her. This argument challenges the testimony of Amber Ickes. Appellant argues that Ickes' failure to identify the tablet recovered from Mayle, as one of the tablets she had given to Mayle, per appellant's instructions, constitutes a break in the chain that is fatal to the state's case.
 {¶ 8} In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review pertaining to sufficiency of the evidence in criminal cases. The Court held:
 {¶ 9} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979] 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 10} The juvenile court found appellant guilty of aggravated trafficking as either a principal offender or as an accomplice.[1] Appellant argues there is insufficient evidence to link her to this crime. Specifically, appellant challenges the fact that Corey Mayle did not testify at the trial because he was not properly served with a subpoena. As such, appellant argues there was no evidence that the Adderall pill was ever in her possession, that she transferred the pill to Amber Ickes or that Amber Ickes gave the pill to Corey Mayle.
 {¶ 11} Upon review of the testimony presented at trial, we find sufficient evidence exists to support appellant's conviction for aggravated trafficking. Amber Ickes testified, at trial, that she and another student at the school received, from appellant, some Adderall pills before the start of school on the morning of April 26, 2005. Tr. at 123. Appellant instructed Ickes to keep the pills in her possession so she would not get caught with them. Id. at 126. Appellant also instructed Ickes to give one of the pills to Mayle. Id. at 123. Thereafter, Ickes gave pills to Amanda Marteni and Mayle, who were later to give their money directly to appellant. Id. at 126-127. Ickes identified the pills in her possession as blue. Id. at 127.
 {¶ 12} The logical inference from this chain of events is that the blue Adderall pill admitted into evidence at trial was the same pill Ickes gave to Mayle and was one of the pills appellant gave to Ickes with instructions to give to Mayle. Appellant maintains the problem with this inference is that Ickes failed to identify the blue Adderall pill recovered from Mayle as the pill she gave Mayle pursuant to appellant's instructions. In order for this argument to prevail, we must find that Mayle came to school with his own Adderall pills and that he had already sold or taken the pill Ickes gave to him from appellant. There is no evidence in the record to support this conclusion.
 {¶ 13} Accordingly, we find sufficient evidence of appellant's guilt was presented, at the delinquency hearing, to support the juvenile court's delinquency finding.
 {¶ 14} Appellant's sole assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] R.C. 2925.03(A)(1) provides that, "No person shall knowingly do any of the following: [s]ell or offer to sell a controlled substance; * * *"
R.C. 2923.03(A)(2) provides that, "No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: * * * [a]id or abet another in committing the offense; * * *."